# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SAMUEL MONTALVO, JR.,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
AT-0752-13-0418-X-1

DATE: September 11, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin Curtis Crayon, II</u>, Kennesaw, Georgia, for the appellant.

<u>Daniel E. Ellenbogen</u>, Esquire, Arlington, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On May 19, 2014, the administrative judge issued an initial decision recommending that the Board find that the agency materially breached the settlement agreement entered into by the parties on October 22, 2013, and the matter was referred to the Board for consideration. MSPB Docket No. AT-0752-

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

13-0418-C-1, Compliance File (CF), Tab 7, Initial Decision (ID).  *See* 5 C.F.R. § 1201.183.

¶2 The appellant filed a petition for enforcement alleging that the agency breached the settlement agreement by denying him retired law enforcement credentials based on the opinion of a physician who was not qualified to evaluate the appellant's mental health status.  CF, Tab 1 at 3.  The settlement agreement provides, in pertinent part, that the appellant may request that the agency issue him retired law enforcement credentials upon his submission of documentation sufficient to establish his eligibility to receive them, pursuant to 18 U.S.C. § 926C(c)(1)–(5).  MSPB Docket No. AT-0752-13-0418-I-1, Initial Appeal File (IAF), Tab 69 at 6.

¶3 The administrative judge found that the agency had not established that the medical opinion it relied upon in denying the credentials was from a medical professional with sufficient expertise in the area of mental health.  ID at 6.  The opinion in question is from Christopher Holland, M.D., M.P.H.  *See* ID at 6; *see* MSPB Docket No. AT-0752-13-0418-X-1, Compliance Referral File (CRF), Tab 2 at 15.  Dr. Holland opined that the appellant's disability retirement had been granted in large part due to his serious psychiatric illness, which was expected to last at least 12 months; therefore, the doctor did not believe that the appellant should be granted any law enforcement credential or be authorized to carry a weapon.  CRF, Tab 2 at 15.  The administrative judge noted that Dr. Holland had also recommended that the agency obtain the opinion of a well-credentialed forensic psychologist.  *See id.*  Dr. Holland specifically recommended that the agency obtain the opinion of Neil Hibler, Ph.D.  *See id.*

¶4 The administrative judge found that the agency did not establish that Dr. Holland was qualified to render an opinion regarding the appellant's mental fitness for law enforcement work.  ID at 6.  Because the agency's processing of the appellant's application was not based on an official finding by a qualified medical professional, the administrative judge found that the agency had breached

its obligation to process the application for retired law enforcement credentials in good faith.  ID at 7.  Therefore, the administrative judge ordered the agency to employ a qualified medical professional to render an official finding as to whether the appellant was unqualified for reasons relating to mental health.  ID at 8.

¶5        On July 16, 2014, the agency produced evidence that it had obtained a medical assessment of the appellant's mental status from Dr. Neil Hibler, Ph.D., the forensic psychologist recommended by Dr. Holland.  CRF, Tab 2 at 6; *see id.* at 18-20.  Dr. Hibler has a Ph.D in clinical and community psychology and is certified by the American Board of Professional Psychology.  *Id.* at 21.  He has over 35 years of experience as a police psychologist, including providing fitness for duty evaluations.  *Id.*

¶6        Dr. Hibler noted that the law enforcement retirement credentials requested by the appellant would qualify the appellant to be armed and potentially perform armed security or law enforcement functions.  *Id.* at 18.  Dr. Hibler also noted that the appellant's retirement from duty was based on medical evidence that he had major depressive disorder (severe), post-traumatic stress disorder, and anxiety, which made him unable to perform his previous duties.  *Id.*  Dr. Hibler opined that any one of these three conditions could potentially place him at risk, or risk the safety of others relying upon him in the performance of law enforcement duties.  *Id.*  He then considered the appellant's suitability for arming under the "whole person" model, noting that the psychological requirements for arming include the ability to be resilient in the face of stress and to use sound, reliable judgment under potentially intense pressure.  *Id.* at 19.  He found that each of the appellant's conditions could potentially undermine the cognitive and emotional factors essential to the use of deadly force.  *Id.*  Consequently, Dr. Hibler opined that the appellant was not mentally qualified for arming, and, therefore, ineligible for law enforcement retirement credentials.  *Id.*

¶7	On August 5, 2014, the appellant filed a response requesting that the agency be sanctioned for failing to submit the name and address of the individual responsible for the agency's decision. CRF, Tab 3 at 1-2. The appellant also argued that the agency's compliance should be viewed with skepticism and that the agency breached the confidentiality provision of the settlement agreement by disclosing information regarding the appellant's removal to Dr. Hibler. *Id.* at 6. Finally, the appellant argued that he has no intention of returning to law enforcement and that he would have to take additional steps to obtain the ability to carry a firearm, beyond having retired law enforcement credentials. *Id.* at 7.

¶8	The agency filed a reply on August 6, 2014, arguing that it has complied with the initial decision by employing a qualified medical professional to render an official finding as to whether the appellant was mentally qualified for retired law enforcement credentials. CRF, Tab 5. Second, the agency stated that the settlement agreement authorized the agency to disclose the agreement as necessary to comply with its terms and conditions. *Id.* at 6. The agency stated that it only provided Dr. Hibler with the information necessary to conduct his evaluation. *Id.*

¶9	We find that the agency has established compliance with the administrative judge's order directing the agency to employ a qualified medical professional to render an official finding as to whether the appellant was unqualified for retired law enforcement credentials for reasons relating to mental health. The agency obtained an opinion from Dr. Hibler, a Ph.D in clinical and community psychology with over 35 years of experience in performing fitness for duty evaluations. Based on Dr. Hibler's expert opinion, the agency then determined that the appellant did not meet the mental health qualifications for retired law enforcement credentials. We also reject the appellant's contention that the agency acted improperly in providing information to Dr. Hibler pursuant to his evaluation of the appellant's mental health status. We note that the settlement agreement provides that the fact of the agreement's existence and its terms may

be disclosed as necessary for the parties to carry out the terms and conditions of the agreement. IAF, Tab 69 at 5.

¶10    We therefore find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. *See* 5 C.F.R. § 1201.183(c)(1).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:           _____

William D. Spencer
Clerk of the Board

Washington, D.C.